**CV17-0062**
**IRIZARRY, CH.J.**
**MANN, M.J.**

EJP/de
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
LEA MOHADEB,

                Plaintiff,

  -against-

FRIENDS FOREVER PET CREMATORY LLC,
and ROBERT R. AMATO,

                Defendants.
----------------------------------X

**NOTICE OF REMOVAL**

Supreme Court
Kings County
**Index No.:**
**504730/2016**

**Jury Trial Demanded**

PLEASE TAKE NOTICE, that the within is a true copy of a Notice of Removal filed in the above named Court.

1. This action is being removed from Supreme Court, Kings to the United States District Court for the Eastern District of New York.

2. The basis for removal is 28 U.S.C. §1441(b) and 28 U.S.C. 1332.

3. The Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) in that the plaintiff, LEA MOHADEB, resides at 1510 East 14th Street, Brooklyn, New York 11230 and is a citizen and resident of Kings County, New York; and defendant, FRIENDS FOREVER PET CREMATORY LLC, resides at 1879 Pennington Road, Ewing Township, New Jersey 08618 and is a resident and citizen Mercer County, New Jersey and defendant ROBERT R. AMATO, resides at 37 Robbinsville/Edinburgh Road in Robbinsville, New Jersey 08691 and is a resident and citizen of Mercer County, New Jersey; and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, as set forth for the first time in plaintiff's discovery response dated December 29, 2016.

Dated:     New York, New York
           January 4, 2017

                                      Yours, etc.,

                                      */s/ Ernest J. Peck*

                                      ERNEST J. PECK
                                      DOWNING & PECK, P. C.
                                      Attorneys for Defendants
                                      17 Battery Place - Suite 709
                                      New York, New York 10004
                                      212-514-9190

To:  Gil Winokur, Esq.
     LAW OFFICE OF HERSCHEL KULEFSKY
     *Attorney for Plaintiff*
     111 John Street - Suite 1230
     New York, New York 10038
     212-693-1671

Index No.
Date Summons Filed:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------x
LEA MOHADEB,

                Plaintiff,

    -against-

FRIENDS FOREVER PET CREMATORY LLC and
ROBERT R. AMATO,

                Defendants.
------------------------------------x

**SUMMONS**

Plaintiffs designate
Kings County as
the place of Trial.

The basis of venue
is defendant's
residence.

The basis of venue
is CPLR §503.

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    March 24, 2016

                                    LAW OFFICE OF HERSCHEL KULEFSKY
                                    Attorney for Plaintiffs
                                    111 John Street • Suite 1230
                                    New York, NY 10038
                                    (212) 693-1671

                                BY: _____
                                      GIL WINOKUR, ESQ.

**FRIENDS FOREVER PET CREMATORY LLC**
1879 Pennington Rd
Ewing Township, NJ 08618

and

**ROBERT R. AMATO**
1554 72nd Street
Brooklyn, NY 11228

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------x
LEA MOHADEB,

               Plaintiff,

    -against-                       **VERIFIED COMPLAINT**

FRIENDS FOREVER PET CREMATORY LLC and   Index No.
ROBERT R. AMATO,

               Defendants.
------------------------------------------x

      Plaintiff, LEA MOHADEB, as and for her Verified Complaint, complaining of the Defendants, by her attorney, HERSCHEL KULEFSKY, ESQ., alleges as follows:

      1.    That at all times herein relevant, plaintiff, LEA MOHADEB, was and is a resident of the County of Kings, City and State of New York.

      2.    That at all times herein mentioned, the defendant, FRIENDS FOREVER PET CREMATORY LLC, (hereinafter "FRIENDS FOREVER"), is a Domestic Limited Liability Company duly organized and existing under the laws of the State of New Jersey.

      3.    That at all times herein mentioned, the defendant, FRIENDS FOREVER, is a Limited Liability Company regularly doing business in the State of New York.

      4.    That at all times herein mentioned, the defendant, FRIENDS FOREVER, was and is a non-corporate entity, regularly doing business in the State of New York.

5. That at all times herein mentioned, the defendant, FRIENDS FOREVER, was and is a foreign Limited Liability Company licensed and authorized to do business in the State of New York.

6. That at all times herein mentioned, the defendant, FRIENDS FOREVER, was and is a foreign Limited Liability Company not licensed to do business in the State of New York but, nevertheless, was and is continuing to do business on a regular basis in the State of New York.

7. That at all times herein relevant, the defendant, ROBERT R. AMATO, was and is a resident of the County of Kings, City and State of New York.

8. Upon information and belief, that at all times herein relevant, the defendant, FRIENDS FOREVER was the owner of a vehicle bearing New Jersey State license plate number XBMH24 for the year 2016.

9. Upon information and belief, that at all times herein relevant, said vehicle was operated by the defendant, ROBERT R. AMATO.

10. Upon information and belief, that at all times herein relevant, the aforementioned vehicle was being driven by the defendant, ROBERT R. AMATO, with the knowledge and consent of the defendant, FRIENDS FOREVER.

11. Upon information and belief, that at all times herein relevant, the defendant, ROBERT R. AMATO, was an employee of the

3

defendant, FRIENDS FOREVER.

12. Upon information and belief, that at all times herein relevant, the defendant, ROBERT R. AMATO, was acting within the scope of his employment for the defendant, FRIENDS FOREVER.

13. Upon information and belief, that at all times herein relevant, said vehicle was maintained by the defendant, FRIENDS FOREVER.

14. Upon information and belief, that at all times herein relevant, said vehicle was managed by the defendant, FRIENDS FOREVER.

15. Upon information and belief, that at all times herein relevant, said vehicle was repaired by the defendant, FRIENDS FOREVER.

16. Upon information and belief, that at all times herein relevant, said vehicle was controlled by the defendant, FRIENDS FOREVER.

17. Upon information and belief, that at all times herein relevant, said vehicle was maintained by the defendant, ROBERT R. AMATO.

18. Upon information and belief, that at all times herein relevant, said vehicle was managed by the defendant, ROBERT R. AMATO.

19. Upon information and belief, that at all times herein relevant, said vehicle was repaired by the defendant, ROBERT R.

4

AMATO.

20. Upon information and belief, that at all times herein relevant, said vehicle was controlled by the defendant, ROBERT R. AMATO.

21. That at all times herein relevant, East 18th Street and Ave P were and are public highways in the County of Kings, City and State of New York.

22. That on or about March 2, 2016, while the plaintiff, LEA MOHADEB, was properly and lawfully on the roadway at or near said location in the County of Kings, City and State of New York, she was struck by the defendants' vehicle and sustained personal injuries and damages as hereinafter specified.

23. That the plaintiff LEA MOHADEB's accident and the injuries and damages resulting therefrom were caused solely by the reason of the negligence, carelessness and recklessness of the defendants in the ownership, operation, maintenance, management, repair and control of their motor vehicle and without contributory negligence on the part of the plaintiff herein.

24. That as a result of the foregoing, plaintiff, LEA MOHADEB, became sick, sore, lame and disabled; required emergency treatment at the hospital and, upon information and belief, will continue to require hospital and/or medical treatment and care in the future; was disabled from performing her usual activities; sustained personal injuries of a permanent and protracted nature;

5

sustained physical and mental pain, anguish, discomfort and disability and, upon information and belief, may continue to experience same in the future and has been otherwise damaged.

25. That by reason of the foregoing, the plaintiff, LEA MOHADEB, herein sustained a serious injury as defined by Section 4102 of the Insurance Law of the State of New York and is a covered person as defined by Section 5102 of the Insurance Law; and by reason thereof, plaintiff, LEA MOHADEB, is entitled to recover for non-economic losses and for such economic losses as are not included in the definition of basic economic losses as set forth in Section 5102 of the Insurance Law.

26. That this action falls within one of the exceptions to the general principles outlined in Article 16 of the CPLR.

27. That by reason of the foregoing, the plaintiff, LEA MOHADEB, has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which otherwise would have jurisdiction.

**WHEREFORE**, plaintiffs demand judgment as follows:

Damages in a sum which exceeds the jurisdictional limits of all lower Courts which otherwise would have jurisdiction, together with the costs of disbursements of this action.

Dated: New York, New York
March 24, 2016

Yours, etc.

LAW OFFICE OF HERSCHEL KULEFSKY
111 John Street • Suite 1230
New York, NY 10038
(212) 693-1671

By: _____
GIL WINOKUR, ESQ.

{S&C:HK:pd}

STATE OF NEW YORK, COUNTY OF NEW YORK                    ss:

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the Plaintiffs. I have read the annexed **COMPLAINT**, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon information contained in the file.

The reason I make this affirmation instead of Plaintiffs is that Plaintiffs do not reside in the County in which Affiant maintains offices.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: March 24, 2016

_____
GIL WINOKUR

EJP/de
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------X
LEA MOHADEB,

                          Plaintiff,        **VERIFIED ANSWER**

    -against-

                                       **Index No.:**
                                       504730/2016

FRIENDS FOREVER PET CREMATORY LLC,
and ROBERT R. AMATO,

                          Defendants.
-------------------------------------------X

      Defendants, FRIENDS FOREVER PET CREMATORY LLC, by their attorneys, DOWNING & PECK, P.C., answering the verified complaint herein, respectfully sets forth and alleges as follows:

1. Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph 1, 3, 5, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 of said complaint.

2. Admit each and every allegation contained in paragraphs 2, 8, 9, and 10 of said complaint.

3. Deny each and every allegation contained in paragraphs 4, 6, 7, 23, 24, 25, and 27 of said complaint.

4. Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph 26 of said complaint and refers all questions of law to the court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

5. Plaintiff was negligent and damages, if any, must be reduced in accordance with plaintiff's own comparative negligence.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

6. Plaintiffs failed to mitigate their damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

7. Plaintiff has not sustained a **serious injury** as defined by the New York State Insurance Law and, therefore, is barred from recovery herein.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

8. This action is barred by the emergency doctrine.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

9. Plaintiff's damages, if any, must be reduced in accordance with **CPLR 4545**.

WHEREFORE, the answering defendant demands judgment dismissing the complaint herein, or demands judgment against LEA MOHADEB, together with the costs and disbursements of this action.

Dated:  New York, New York
        June 15, 2016

                              Yours, etc.,

                        BY:   _____/s/_____
                              ERNEST J. PECK
                              DOWNING & PECK, P.C.
                              Attorneys for Defendants
                              FRIENDS FOREVER PET CREMATORY LLC
                              17 Battery Place - 7th Floor
                              New York, New York 10004
                              212-514-9190

TO: Gil Winokur, Esq.
LAW OFFICE OF HERSCHEL KULEFSKY
*Attorney for Plaintiff*
111 John Street - Suite 1230
New York, New York 10038
212-693-1671

**VERIFICATION**

STATE OF NEW YORK     )
COUNTY OF NEW YORK    )    ss.:

I, the undersigned, an attorney duly admitted to practice in the courts of New York State, state that I am ERNEST J. PECK, the attorney of record for defendant FRIENDS FOREVER PET CREMATORY, LLC in the within action; I have read the foregoing VERIFIED ANSWER and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by said defendant is because said defendant is not presently in the County of New York wherein I maintain my office.

The grounds for my belief as to all matters not stated upon my own knowledge are as follows: Investigations, reports, etc.

Dated:    New York, New York
          June 15, 2016

                                        _____/s/_____
                                        Ernest J. Peck