UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LEA MOHADEB,                                        :
                                                    :
                  Plaintiff,        :
                                                    :
                 -against-              :      **SUMMARY ORDER OF REMAND**
                                                    :      17-CV-0062 (DLI) (RLM)
FRIENDS FOREVER PET CREMATORY LLC                   :
and ROBERT R. AMATO,                                :
                                                    :
                  Defendants.       :
-------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

       On January 5, 2017, Friends Forever Pet Crematory LLC ("Friends Forever") and Robert R. Amato ("Amato") (collectively, "Defendants") filed a Notice of Removal, removing this action from the New York State Supreme Court, Kings County to this Court ("Notice of Removal," Dkt. Entry No. 1). On February 3, 2017, Lea Mohadeb ("Plaintiff") moved to remand this action back to state court based on a lack of complete diversity. (*See* Motion to Remand to State Court, Dkt. Entry No. 9.) On February 8, 2017, the Honorable Roanne L. Mann, Chief United States Magistrate Judge, ordered discovery limited to Amato's domicile, rendering the February 3, 2017 remand motion moot, and permitting Plaintiff to refile a motion for remand, if necessary, after completion of limited discovery. (*See* Minute Entry, Dkt. Entry No. 10.)

       Plaintiff refiled her motion to remand to state court on April 7, 2017, again asserting a lack of complete diversity and alleging that Amato's domicile is New York ("Remand Motion," Dkt. Entry No. 20). Defendants opposed the Remand Motion on February 24, 2017, alleging that Amato's domicile is New Jersey ("Opp. to Remand," Dkt. Entry No. 21). Plaintiff replied on February 25, 2017 ("Reply Motion," Dkt. Entry No. 22). For the reasons set forth below, Plaintiff's Remand Motion is granted and this case is remanded to the state court.

## BACKGROUND

On March 24, 2016, Plaintiff commenced a state court action against Defendants sounding in negligence, arising from a vehicle accident. (Verified Complaint ("Compl.") at ¶¶ 22-23.) Plaintiff, a resident of Kings County, alleged that Amato is also a resident of Kings County. (Compl. at ¶ 7.) Friends Forever is a resident of New Jersey. (Compl. at ¶ 2.) Defendants removed the action to this Court on the basis of diversity jurisdiction, alleging that Amato is a resident of New Jersey. (Notice of Removal at ¶¶ 2, 3.)

Amato grew up and lived in New York full time until late 2010 or early 2011, when he began staying in New Jersey five nights a week. (Remand Motion at ¶ 6; Opp. to Remand at ¶ 15.) While in New Jersey, Amato stays at the home of his girlfriend, Andrea Anastasio, where he keeps personal property. (Opp. to Remand at ¶ 3.)

Amato is married, has never divorced or legally separated from his wife, who lives in New York with their children. (Remand Motion at ¶ 9.) Until 2015, Amato's wife and children lived in a home owned by Amato in Brooklyn. (Opp. to Remand at ¶ 17.) In June 2015, Amato sold the Brooklyn home and purchased a home on Staten Island, in which his wife and children now live. (*Id.* at ¶ 20.) Amato stays in his Staten Island home one to two nights per week and during holidays. (*Id.* at ¶ 22; Remand Motion at ¶ 9.)

Amato maintains a bank account in New York and a bank account in New Jersey, has a New York post office box, holds a New York State driver's license, and files his taxes in New York. (Opp. to Remand at ¶¶ 26-28; Remand Motion at ¶ 9.) Amato receives some mail, including his life insurance policy and cell phone bill, in New Jersey, and other mail, including his credit card bills, New York unemployment checks, and tax materials, in New York. (Remand Motion at ¶ 9.)

**DISCUSSION**

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 properly is invoked only where there is complete diversity of citizenship between the parties, such that each defendant is a citizen of a different state than each plaintiff. *See Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Graves v. Home Depot U.S.A., Inc.*, 2013 WL 3055348, at *1 (S.D.N.Y. May 24, 2013). An individual's citizenship for purposes of diversity is based upon his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998) (citations and internal quotation marks omitted).

An individual can only have one domicile at a time. *Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir.2000). To show a change in domicile has taken place, the party must show, by clear and convincing evidence, residence in a new domicile and the intention to remain there indefinitely. *Id.* at 42. Mere absence from a fixed home, however long continued, cannot work the change. *Gutierrez v. Fox,* 141 F.3d 425, 428 (2d Cir. 1998). A long-time domicile in a particular jurisdiction is presumed to continue. *Id.* at 427. The factors to be considered in determining domicile include but are not limited to: location of spouse and family, voting registration, payment of taxes, location of real and personal property, driver's license, location of bank account, place of employment, current residence, and location of a person's physician. *Reviakine v. Mednikov,* No. 15-CV-00227(KAM), 2016 WL 8711206, at *2 (E.D.N.Y. Apr. 29, 2016).

In order for diversity jurisdiction to apply in this case, Amato must prove by clear and convincing evidence that he has changed his domicile from New York to New Jersey. He has failed to do so. Amato's five-night-per-week residency with his girlfriend in New Jersey, New

Jersey bank account, receipt of some mail, and storage of some personal property at his girlfriend's house is not clear and convincing evidence that Amato has changed his domicile to New Jersey given Amato's significant New York ties and long-time New York residency.  Amato's wife and children live in the house that Amato owns in New York.  Amato stays in this house two nights per week and holidays.  Amato pays taxes in New York and possesses a New York State driver's license.  Amato collects New York unemployment insurance and receives the checks in New York, and maintains a New York bank account.  Furthermore, Amato has not demonstrated his intent to remain in New Jersey.  At his deposition, Amato expressed uncertainty as to his intention, stating, "I'm not 100 percent sure where I'm going to wind up."  Amato Dep. Tr. 14:5-11.

The Court finds that Amato has not met his burden of demonstrating domicile in New Jersey.  Thus, as all parties to this action are citizens of New York for purposes of diversity jurisdiction, complete diversity of the parties is lacking, depriving this Court of subject matter jurisdiction under 28 U.S.C. § 1332.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Kings County, under Index No. 504730/2016.

SO ORDERED

Dated: Brooklyn, New York
      May 3, 2017

/s/
Dora L. Irizarry
Chief Judge